# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR04-0088-LRR |
| vs. | |
| JOYCE ASHCRAFT, | ORDER |
| Defendant. | |

---

This matter comes before the court on the defendant's motion for release pending the disposition of her motion under 28 U.S.C. § 2241 (docket no. 36). The defendant filed such motion on October 5, 2010. The government did not file a resistance, and the court did not order the government to file one.

Here, the defendant references a motion under 28 U.S.C. § 2241, but she never filed a separate motion or action under such statute. Further, in the instant motion, the defendant challenges her conviction and sentence on several grounds. The challenges asserted are the type of challenges properly submitted as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. *See United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (stating that a "challenge to a federal conviction [. . .] is most appropriately brought as a motion under 28 U.S.C. § 2255"). Because the defendant is in federal custody and another statute specifically addresses the issues that she raises, the court finds that the defendant is not able to attack her sentence by filing a motion under 28 U.S.C. § 2241. Stated differently, the court finds that "both the law and common sense suggest federal prisoners cannot skirt designated procedural pathways by renumbering their filings." *United States ex rel. Perez v. Warden*, 286 F.3d 1059, 1061 (8th Cir. 2002) (referring to prisoners' attempts to file 28 U.S.C. § 2241 motion in lieu of a proper 28

U.S.C. § 2255 motion). Thus, the defendant is unable to rely on 28 U.S.C. § 2241; the defendant should have relied upon 28 U.S.C. § 2255 to invoke the jurisdiction of the court.[1]

**IT IS THEREFORE ORDERED**:

The motion for release pending the disposition of her motion under 28 U.S.C. § 2241 (docket no. 36) is DENIED.

**DATED** this 13th day of October, 2010.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[1] Given the claims raised and the relief sought, it appears that the defendant is seeking relief under 28 U.S.C. § 2241 in order to avoid the applicable statute of limitation contained in 28 U.S.C. § 2255(f). Judgment entered against the defendant on May 5, 2005, and the defendant did not pursue a direct appeal. Because the one year period of limitation ran in May of 2006 and the movant does not account for over four years, any motion under 28 U.S.C. § 2255 is untimely.