# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>JOYCE ASHCRAFT | **AMENDED JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number: CR 04-88-1-MWB<br>USM Number: 09371-029<br>Mark R. Brown<br>Defendant's Attorney |

**Date of Original Judgment:** May 4, 2005
(Or Date of Last Amended Judgment)

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

**Asterisks (*) denote changes from Original Judgment**

■ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

☐ pleaded guilty to count(s) __1, 2, 3, and 4 of the Information filed on November 10, 2004__
☐ pleaded nolo contendere to count(s) ____ which was accepted by the court.
☐ was found guilty on count(s) ____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1001(a)(3) | Making a False Statement within the Jurisdiction of the United States Housing and Urban Development | May 1999 | 1 |
| 18 U.S.C. § 1001(a)(3) | Making a False Statement within the Jurisdiction of the Social Security Administration | 01/14/2003 | 2 |
| 18 U.S.C. § 1029(a)(2) | Identity Theft | 2003 | 3 |
| 18 U.S.C. § 1344 | Bank Fraud | May 2004 | 4 |

The defendant is sentenced as provided in pages 2 through __12__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) ____

■ Count(s) __1 of the 09/22/2004 Indictment__ is dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

February 3, 2012
Date of Imposition of Judgment

_[signature]_
Signature of Judge

Mark W. Bennett, U.S. District Court Judge
Name and Title of Judge

2/3/12
Date

DEFENDANT: JOYCE ASHCRAFT
CASE NUMBER: CR 04-88-1-MWB

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **108 months. This term of imprisonment consists of a 60-month term imposed on each of Counts 1 and 2 and a 108-month term imposed on each of Counts 3 and 4 of the Information, with these terms of imprisonment to run concurrently with each other.**

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

Defendant delivered on _____ to _____

a _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: **JOYCE ASHCRAFT**
CASE NUMBER: **CR 04-88-1-MWB**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **5 years. This term of supervised release consists of a 3-year term imposed on each of Counts 1, 2, and 3, and a 5-year term imposed on Count 4 of the Information, with these terms of supervised release to run concurrently with each other.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ■ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ■ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- ■ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the defendant's compliance with such notification requirement.

DEFENDANT: JOYCE ASHCRAFT
CASE NUMBER: CR 04-88-1-MWB

## SPECIAL CONDITIONS OF SUPERVISION

*The defendant must comply with the following special conditions as ordered by the Court and implemented by the U.S. Probation Office:*

1) The defendant shall participate in a mental health treatment program, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer.

*2) The defendant shall have no contact during the defendant's term of imprisonment or the defendant's term of supervision with Charles Ford, Jr.; Lawrence Ashcraft, Sr.; and Sonya Winders, and their family members, in person or by a third party. This includes no direct or indirect contact by telephone, mail, email, or by any other means with the following exception: The defendant may have contact with Sonya Winders via telephone, email, or mail, but the defendant is precluded from having any in person contact with Sonya Winders.

3) The defendant shall pay any financial penalty that is imposed by this judgment.

4) The defendant shall provide the probation officer with access to any requested financial information.

5) The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment payment schedule. In addition, the defendant shall not use or possess a bank account unless she is granted advance permission from the probation officer.

6) The defendant shall submit to a search of her person, residence, adjacent structures, office, or vehicle conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the residence may be subject to searches pursuant to this condition. This condition may be invoked with or without the assistance of law enforcement.

7) If the defendant is granted permission to possess a computer by the probation officer, said computer, or other personal computers to which the defendant has access, shall be subject to a search by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. The search may include (i) examinations of the defendant's computer(s) equipment, the retrieval and copying of all data, and any internal or external peripherals, and/or removal of such equipment for inspection; and (ii) the installation of any hardware or software systems to monitor the defendant's computer use.

Upon a finding of a violation of supervision, I understand the Court may: (1) revoke supervision; (2) extend the term of supervision; and/or (3) modify the condition of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

_____   _____
Defendant                          Date


_____   _____
U.S. Probation Officer/Designated Witness   Date

DEFENDANT: JOYCE ASHCRAFT
CASE NUMBER: CR 04-88-1-MWB

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $ 400 | $ 0 | $ 134,310.63 |

☐ The determination of restitution is deferred until_____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

■ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Lawrence Ashcraft, Sr.<br>Address to be provided | 9,750.00 | 9,750.00 | 1 |
| Charles Ford, Jr.<br>Address to be provided | 16,225.87 | 16,225.87 | 2 |
| Flowerama<br>3165 W. Airline Hwy<br>Waterloo, IA 50703 | 7.59 | 7.59 | 3 |
| Mister Carwash<br>5050 Northland Ave. NE<br>Cedar Rapids, IA 52402 | 10.00 | 10.00 | 4 |
| Cross Country Alphabet<br>P.O. Box 180<br>Quakertown, PA 18951 | 11.00 | 11.00 | 5 |

Cont'd on following pages

☐ Restitution amount ordered pursuant to plea agreement $_____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

■ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

■ the interest requirement is waived for ☐ fine ■ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C  (Rev. 11/11) Amended Judgment in a Criminal Case
Sheet 5B — Criminal Monetary Penalties                                              (NOTE: Identify Changes with Asterisks (*))

Judgment — Page 6 of 12

DEFENDANT: **JOYCE ASHCRAFT**
CASE NUMBER: **CR 04-88-LRR**

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Master Cuts<br>416 Jacolyn Drive SW, No. 7<br>Cedar Rapids, IA 52404 | 17.85 | 17.85 | 6 |
| Goodwill<br>1441 Blairs Ferry Road NE<br>Cedar Rapids, IA 52402 | 24.99 | 24.99 | 7 |
| CJ Banks<br>4444 First Avenue NE<br>Cedar Rapids, IA 52402 | 36.74 | 36.74 | 8 |
| Concorde Collection<br>P.O. Box 663<br>Holmes, PA 19043-0663 | 43.94 | 43.94 | 9 |
| Rush Industries<br>263 Horton Highway<br>Mineola, NY 11501 | 44.80 | 44.80 | 10 |
| Kwik Shop<br>P.O. Box 1927<br>Hutchinson, KS 67504-1927 | 46.44 | 46.44 | 11 |
| St. Luke's Floral and Gifts<br>P.O. Box 3026<br>Cedar Rapids, IA 52406-3026 | 53.19 | 53.19 | 12 |
| Anne Powell Ltd.<br>P.O. Box 3060<br>Stuart, FL 34995-3060 | 74.20 | 74.20 | 13 |
| Blue Stone<br>3136 Mt. Vernon Road SE<br>Cedar Rapids, IA 52403 | 79.27 | 79.27 | 14 |
| Mercy Flower and Gifts<br>701 10th Street SE<br>Cedar Rapids, IA 52403 | 97.02 | 97.02 | 15 |
| Regis<br>7201 Metro Boulevard<br>Minneapolis, MN 55439 | 104.32 | 104.32 | 16 |

* Findings for the total amount of losses are required by Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: JOYCE ASHCRAFT
CASE NUMBER: CR 04-88-LRR

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Wal-Mart<br>3601 29th Avenue SW<br>Cedar Rapids, IA 52404 | 106.86 | 106.86 | 17 |
| Certified Carpet<br>334 13th Street SW<br>Cedar Rapids, IA 52404 | 132.30 | 132.30 | 18 |
| Sears<br>4600 First Avenue NE<br>Cedar Rapids, IA 52402 | 135.99 | 135.99 | 19 |
| The Needlepoint Joint<br>241 25th Street<br>Ogden, UT 84401 | 166.71 | 166.71 | 20 |
| Stourbridge Yankee<br>90 Blueberry Road<br>Portland, MD 04102 | 170.35 | 170.35 | 21 |
| Miles Kimball<br>P.O. Box 3600<br>Oshkosh, WI 54903-3600 | 183.76 | 183.76 | 22 |
| Econo Foods<br>c/o Nash Finch<br>2100 Edgewood Road SW<br>Cedar Rapids, IA 52404 | 187.94 | 187.94 | 23 |
| Victorian Trading<br>15600 West 99th Street<br>Lenexa, KS 66219 | 201.30 | 201.30 | 24 |
| American Family<br>Daryl Braun Agency<br>601 7th Avenue<br>Marion, IA 52302 | 221.80 | 221.80 | 25 |
| Michaels Arts and Crafts<br>1470 Twixt Town Road<br>Marion, IA 52302 | 230.32 | 230.32 | 26 |

* Findings for the total amount of losses are required by Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 11/11) Amended Judgment in a Criminal Case
Sheet 5B — Criminal Monetary Penalties
(NOTE: Identify Changes with Asterisks (*))

Judgment — Page 8 of 12

DEFENDANT: JOYCE ASHCRAFT
CASE NUMBER: CR 04-88-LRR

# ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Sur La Table<br>P.O. Box 34626<br>Seattle, WA 98124-1626 | 269.03 | 269.03 | 27 |
| Christian Book Distributors<br>P.O. Box 700<br>Peabody, MA 01960-7700 | 282.30 | 282.30 | 28 |
| Collins Road Tire<br>100 Collins Road NE<br>Cedar Rapids, IA 52402 | 293.89 | 293.89 | 29 |
| Hills Bank and Trust<br>131 Main Street<br>P.O. Box 70<br>Hills, IA 52235 | 300.00 | 300.00 | 30 |
| Art and Artifact<br>5581 Hudson Drive<br>Hudson, OH 44236 | 309.30 | 309.30 | 31 |
| Blockbuster<br>P.O. Box 802068<br>Dallas, TX 75380-2068 | 332.37 | 332.37 | 32 |
| Worldwide Collectibles<br>2 Lakeside Avenue<br>Berwyn, PA 19312 | 356.11 | 356.11 | 33 |
| Saks, Inc.<br>750 Lakeshore Parkway<br>Birmingham, AL 35211 | 363.83 | 363.83 | 34 |
| J. Marco<br>4935 Panther Parkway<br>Seville, OH 44273 | 373.28 | 373.28 | 35 |
| SERV International<br>Attn: Kellie Jones, Controller<br>P.O. Box 365<br>New Windsor, MD 21776-0365 | 376.45 | 376.45 | 36 |

* Findings for the total amount of losses are required by Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

**DEFENDANT:** JOYCE ASHCRAFT
**CASE NUMBER:** CR 04-88-LRR

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| What on Earth<br>5581 Hudson Drive<br>Hudson, OH 44236 | 430.18 | 430.18 | 37 |
| T. Shipley<br>Attn: Rio Ongpin<br>240 Valley Drive<br>Brisbane, CA 94005 | 455.65 | 455.65 | 38 |
| Eyemart Optical<br>2740 Edgewood Road SW<br>Cedar Rapids, IA 52404 | 464.50 | 464.50 | 39 |
| Hancock Fabrics<br>1 Fashion Way<br>Baldwin, MS 38824 | 497.62 | 497.62 | 40 |
| Household Bank<br>Attn: Angelo Cachola<br>P.O. Box 80055<br>Salinas, CA 93912-0055<br>(Accounts ending in 0555 and 2434) | 571.51 | 571.51 | 41 |
| Abbey Press<br>One Hill Drive<br>St. Meinard, IN 47577 | 581.65 | 581.65 | 42 |
| Target<br>c/o Retailers National Bank<br>Attn: Shelley Morningstar<br>P.O. Box 59231<br>Minneapolis, MN 55459-0231<br>(Account ending in 0390) | 585.21 | 585.21 | 43 |
| City Looks/Cost Cutters<br>805 North Compton Drive<br>Hiawatha, IA 52233 | 604.01 | 604.01 | 44 |
| Farmers Trust and Savings Bank<br>510 Elm Street<br>P.O. Box 90<br>Williamsburg, IA 52361 | 691.52 | 691.52 | 45 |

* Findings for the total amount of losses are required by Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 11/11) Amended Judgment in a Criminal Case
Sheet 5B — Criminal Monetary Penalties
(NOTE: Identify Changes with Asterisks (*))

Judgment — Page 10 of 12

DEFENDANT: JOYCE ASHCRAFT
CASE NUMBER: CR 04-88-LRR

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Swiss Colony<br>Attn: Ms. Musmann<br>1515 South 21st Street<br>Clinton, IA 52732<br>(Accounts ending in 3297 and 3549) | 807.94 | 807.94 | 46 |
| Qwest<br>1005 17TH Street, Room 120<br>Denver, CO 80202 | 860.00 | 860.00 | 47 |
| Barnes & Noble<br>Attn: Jason Warehime<br>1400 Old Country Road<br>Westbury, NY 11590 | 1,243.49 | 1,243.49 | 48 |
| Menards<br>c/o Conesco Finance<br>P.O. Box 6150<br>Rapid City, SD 57709-6150<br>(Account ending in 7465) | 2,294.48 | 2,294.48 | 49 |
| Walgreens<br>Attn: NSF<br>1901 East Voorhees Street<br>Danville, IL 61834 | 2,864.42 | 2,864.42 | 50 |
| Bank One<br>Attn: Andrea Hibbit-Talley<br>800 Brooksedge Boulevard<br>Westerville, OH 43081<br>(Accounts ending in 9136 and 4870) | 17,578.58 | 17,578.58 | 51 |
| Discover Card<br>Attn: Kay Minker<br>P.O. Box 29024<br>Phoenix, AZ 85038-9024<br>(Accounts ending in 7553 and 2477) | 19,095.42 | 19,095.42 | 52 |
| City of Cedar Rapids–Housing Services<br>RE: CDBG<br>1211 6th Street SW<br>Cedar Rapids, IA 52404 | 24,660.00 | 24,660.00 | 53 |

* Findings for the total amount of losses are required by Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: JOYCE ASHCRAFT
CASE NUMBER: CR 04-88-LRR

# ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Iowa Department of Human Services<br>Attn: Cashiers Office<br>First Floor<br>Hoover Building<br>Des Moines, IA 50319 | 26,285.51 | 26,285.51 | 54 |
| **Addresses Unknown:** | | | |
| United Petrol, Inc. | 6.00 | 6.00 | 55 |
| Bear and Company | 14.25 | 14.25 | 56 |
| Hair Made | 25.80 | 25.80 | 57 |
| The Scarlett Letter | 29.00 | 29.00 | 58 |
| The Catalog Shop | 38.00 | 38.00 | 59 |
| Dream Works | 43.14 | 43.14 | 60 |
| Signatures | 46.00 | 46.00 | 61 |
| Customer Services International | 49.95 | 49.95 | 62 |
| JD Marvel | 54.45 | 54.45 | 63 |
| River Reflections | 82.88 | 82.88 | 64 |
| Joan Cook | 108.59 | 108.59 | 65 |
| Tanto, Inc. | 119.85 | 119.85 | 66 |
| Serengti | 132.09 | 132.09 | 67 |
| Bear and Company | 134.46 | 134.46 | 68 |
| Inter Bill Ltd. | 139.00 | 139.00 | 69 |
| The Needlework Shop | 152.75 | 152.75 | 70 |
| The Stitchery | 259.89 | 259.89 | 71 |
| Tyrol International | 300.39 | 300.39 | 72 |
| Past Time | 381.34 | 381.34 | 73 |
| **TOTALS** | **$134,310.63** | **$134,310.63** | |

* Findings for the total amount of losses are required by Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 11/11) Amended Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page __12__ of __12__

DEFENDANT: **JOYCE ASHCRAFT**
CASE NUMBER: **CR 04-88-1-MWB**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☐ Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ■ Special instructions regarding the payment of criminal monetary penalties:

**While incarcerated, the defendant shall make monthly payments in accordance with the Bureau of Prison's Financial Responsibility Program. The amount of the monthly payments shall not exceed 50% of the funds available to the defendant through institution or non-institution (community) resources and shall be at least $25 per quarter. If the defendant still owes any portion of the financial obligation(s) at the time of release from imprisonment, the defendant shall pay it as a condition of supervision and the U.S. Probation Officer shall pursue collection of the amount due, and shall request the Court to establish a payment schedule if appropriate. The defendant shall also notify the United States Attorney within 30 days of any change of mailing or residence address that occurs while any portion of the financial obligation(s) remains unpaid.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.